# Exhibit A
# State-Court Documents

| | | |
|---|---|---|
| AOC-E-105     Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-02970**<br>Court: **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff*, **RITCHIE, RONALD VS. AETNA LIFE INSURANCE COMPANY**, *Defendant*

**TO:   CT CORPORATION SYSTEM**
       **306 WEST MAIN STREET, SUITE 512**
       **FRANKFORT, KY 40601**

Memo: Related party is AETNA LIFE INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**AETNA LIFE INSURANCE COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

               /s/ Vincent Riggs, Fayette Circuit Clerk
               Date: **08/20/2018**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                                                                   Served By
                                                                    Title

Summons ID: 11711468571116@00000818924
CIRCUIT: 18-CI-02970 Certified Mail
RITCHIE, RONALD VS. AETNA LIFE INSURANCE COMPANY



Page 1 of 1

**eFiled**

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL DIVISION
CASE NO. _____
*Electronically Filed*

RONALD RITCHIE                                             PLAINTIFF

vs.                          **COMPLAINT**

AETNA LIFE INSURANCE COMPANY                DEFENDANT

Serve:
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Ronald Ritchie, through counsel, and for his Complaint against Defendant Aetna Life Insurance Company ("Aetna"), states as follows:

1. Plaintiff Ronald Ritchie is, and was, at all times relevant to the claims asserted herein, a citizen and resident of Fayette County, Kentucky.

2. Defendant Aetna is an insurance company domiciled in the state of Connecticut, where it is a citizen and resident, with a statutory home office located at 151 Farmington Ave. Hartford, CT 06156, and Aetna is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

3. Aetna's service of process agent is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, and Aetna may be served through said service of process agent.

4. Jurisdiction is proper in this Court, as Plaintiff is a citizen and resident of Fayette County, Kentucky, and Defendant conducted business and caused damages to Plaintiff in Fayette County, Kentucky.

5. Plaintiff was employed with UPS at the time he became disabled as set forth herein.

6. Aetna supplied and issued a policy of insurance to UPS, where Plaintiff obtained coverage for long-term disability insurance ("LTD"). These benefits comprised a portion of a benefits plan (hereinafter the "LTD Plan") which was administered by a Plan Administrator.

7. The LTD Plan provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

8. Aetna's August 2, 2018 denial letter states that the LTD Plan defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
>
> You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
>
> Your earnings are 100% or less of your adjusted pre-disability earnings.
>
> After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

9. Plaintiff, while working at UPS, became disabled as defined in the LTD Plan on or about September 4, 2013, and remains disabled. His disabling conditions and symptoms include, but are not limited to: migraines, lumbar spondylosis, chronic kidney disease, acute respiratory failure, ARDS, COPD, GERD, hypertension, hyperlipidemia, obstructive sleep apnea, paroxysmal atrial fibrillation, history of sepsis, and acute respiratory distress syndrome. Plaintiff has been deemed totally disabled by the Social Security Administration.

10. Plaintiff was, and remains, unable to perform the material duties of his own occupation with UPS, and any other occupation (including any applicable earnings qualifier), since on or about September 4, 2013, and he satisfies the definition of "disability" under the LTD Plan.

11. Plaintiff applied, and made a claim, for STD benefits and then for LTD benefits with Defendant in a timely fashion, in the manner outlined in the STD Plan and LTD Plan. The STD claim was eventually approved and paid. The LTD claim was eventually approved and paid for a time, and the LTD claim number is 10589353.

12. At all times relevant, Plaintiff provided sufficient proof, including medical evidence, that he is disabled under the terms of the LTD Plan.

13. Defendant paid LTD benefits to Plaintiff until on or about May 11, 2017.

14. During the course of the LTD claim, Defendant continuously and unreasonably demanded updated information from Plaintiff numerous times per year, and Plaintiff complied with Aetna's unreasonable, arbitrary and capricious demands by providing updated information each time Aetna requested it, and the updated information showed Plaintiff was disabled.

15. By letter dated May 10, 2017, in spite of the overwhelming and substantial evidence to the contrary, Defendant informed Plaintiff that Plaintiff's LTD claim was denied.

16. Plaintiff properly and timely, and in the manner set forth in the LTD Plan, appealed the denial of his LTD benefits.

17. By letter dated February 9, 2018, Aetna upheld its wrongful denial of Plaintiff's LTD claim.

18. Plaintiff properly and timely, and in the manner set forth in the LTD Plan, again appealed the denial of his LTD benefits.

19. By letter dated August 2, 2018, Aetna again upheld its wrongful denial of Plaintiff's LTD claim.

20. To date, Aetna has refused to approve/reinstate Plaintiff's claim for further LTD benefits, to which he is entitled by virtue of his disability which satisfies the applicable standard under the LTD Plan.

21. Plaintiff properly and timely exhausted all administrative remedies with Defendant with respect to the LTD Plan and LTD claim.

22. Plaintiff is entitled to LTD benefits under the terms of the LTD Plan, and Defendant should be required to perform under the contract and pay LTD benefits to Plaintiff.

23. The denial of Plaintiff's claim for LTD benefits is a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

24. The decision of Aetna to deny contractual benefits under the LTD Plan constitutes a breach of fiduciary duties and an abuse of discretion, and is arbitrary and capricious, and contrary to the overwhelming evidence supplied to Aetna in the medical evidence and other information supplied by Plaintiff.

25. The LTD Plan and coverage discussed herein do not meet the qualifications of a plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et. seq.*.

26. In the alternative to allegation number 25 above, if the LTD Plan does meet the qualifications for ERISA, then the decisions made by Defendant to deny Plaintiff's claim were arbitrary and capricious, against the overwhelming evidence provided to

Defendant, and a breach of fiduciary duty, which entitles Plaintiff to contractual benefits, interest, and attorney's fees.

27. Defendant should be enjoined from stopping payments under the contract.

WHEREFORE, Plaintiff Ronald Ritchie demands the following relief against Defendant Aetna:

1. Judgment against Defendant Aetna for full contractual benefits, attorney's fees, prejudgment and post-judgment interest; and

2. Any and all other relief to which Plaintiff appears to be entitled.

Respectfully submitted,

/s/ Bartley K. Hagerman
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
**Mehr Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
Email: pgf@austinmehr.com
Email: bkh@austinmehr.com
*Counsel for Plaintiff*